*Lisnitzer v. Zucker*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term 2020

(Argued: September 25, 2020   Decided: December 23, 2020)

Docket No. 19-470

_____

LESLIE LISNITZER, individually and on behalf of all others similarly situated,

*Plaintiff-Appellee,*

v.

HOWARD ZUCKER, M.D., as Commissioner of the New York State Department of
Health, MICHAEL HEIN, as Acting Commissioner of the Office of Temporary and
Disability Assistance of the New York State Department of Family Assistance,

*Defendants-Appellants.*

_____

Before: NEWMAN, CALABRESI, and CARNEY, *Circuit Judges.*

_____

Appeal from a judgment of the United States District Court for the Eastern
District of New York (Bianco, *J.*) certifying a plaintiff class and enjoining state
defendants from conducting Medicaid fair hearings in a manner that does not
result in final determinations of Medicaid eligibility within 90 days of hearing
requests. We hold that the federal regulatory requirement of "final
administrative action" within 90 days requires the state to determine Medicaid
eligibility within that time. Such determinations may, however, be made in

hearing decisions or on remand to local agencies. We do not now decide the correctness of the class certification, but instead remand to the district court for further action in light of this opinion.

Affirmed in part and remanded for further proceedings.

_____

PETER VOLLMER, Law Office of Peter Vollmer, P.C., Sea Cliff, N.Y. (John F. Castellano, Mercy Advocacy Program, Islip Terrace, N.Y., *on the brief*), *for Plaintiff-Appellee Leslie Lisnitzer*.

STEVEN C. WU, Deputy Solicitor General (Barbara D. Underwood, Solicitor General, Blair J. Greenwald, Assistant Solicitor General, *on the brief*), *for* Letitia James, Attorney General of New York, New York, N.Y., *for Defendants-Appellants Howard Zucker, M.D., and Michael Hein*.

LEWIS S. YELIN (Robert P. Charrow, General Counsel, Brenna E. Jenny, Deputy General Counsel, Kirsten F. Roddy, Melissa D. Hart, United States Department of Health & Human Services, Washington, D.C.; Joseph H. Hunt, Assistant Attorney General, Alisa B. Klein, United States Department of Justice, Washington, D.C.; Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York, Brooklyn, N.Y., *on the brief*), *for the United States as Amicus Curiae*.

_____

GUIDO CALABRESI, *Circuit Judge*:

In this case, we are asked to interpret the phrase "final administrative action" in the context of a federal Medicaid regulation that requires a state agency to take such action within a specified time limit following a Medicaid applicant's request for a fair hearing. 42 C.F.R. § 431.244(f). The district court held that hearing decisions that remand cases to local agencies without

2

determining Medicaid eligibility do not satisfy the federal regulatory requirement of "final administrative action," which under the same regulation must come, "[o]rdinarily, within 90 days" of a hearing request, § 431.244(f)(1)(ii). *See Lisnitzer v. Zucker*, 306 F. Supp. 3d 522, 531 (E.D.N.Y. 2018).

Neither the Medicaid Act nor the federal Medicaid regulations define the phrase "final administrative action." Our job then is to give that phrase a meaning. That is best done in dialogue with three sources: our previous opinion in *Shakhnes v. Berlin*, 689 F.3d 244 (2d Cir. 2012); the structure and purpose of the federal regulations, helped by a reading of them offered by the United States; and the *State Medicaid Manual*, a publication of the United States Department of Health and Human Services, to which we owe a degree of deference.

Based on those sources, we conclude that "final administrative action," as used in § 431.244(f), requires a final determination of Medicaid eligibility. Such determination must, therefore, be made ordinarily within 90 days of an applicant's fair hearing request. *See* § 431.244(f)(1)(ii). Nevertheless, because the regulation requires that final administrative action be taken by "[t]he [state] agency" responsible for administering or supervising the administration of Medicaid, § 431.244(f); *see also* 42 C.F.R. § 431.10(b)(1), and does not specify any

3

particular component or delegate of the agency, we also hold that such eligibility determinations may be made in hearing decisions or on remand to local agencies. In other words, we hold that the regulation mandates that states meet the applicable deadline, but it does not limit states as to the administrative level at which that deadline is met.

## BACKGROUND

### I. Statutory and Regulatory Framework

#### A. The Medicaid Program

Medicaid is a cooperative federal-state program designed to assist needy individuals and families "whose income and resources are insufficient to meet the costs of necessary medical services." 42 U.S.C. § 1396-1. States opt into the program, but once a state chooses to participate, it must comply with the requirements of Title XIX of the Social Security Act ("Medicaid Act"), 42 U.S.C. § 1396 *et seq.*, and with regulations promulgated by the Secretary of the United States Department of Health and Human Services ("HHS"), 42 C.F.R. pts. 430–56. HHS has published a *State Medicaid Manual* ("*Manual*") interpreting the requirements.

To receive federal funding for Medicaid, a state must submit a Medicaid state plan ("MSP") to HHS for approval. *See* 42 U.S.C. §§ 1396-1, 1396a(b), 1396b; 42 C.F.R. §§ 430.10–.25. That plan must designate "a single State agency to administer or to supervise the administration of the plan." 42 U.S.C. § 1396a(a)(5). If a state chooses—as it may—to administer Medicaid through various political subdivisions of the state, the single state agency has the responsibility to ensure local conformity with state and federal rules, regulations, and policies. *See* § 1396a(a)(1); 42 C.F.R. § 431.10.

New York administers Medicaid through local social services districts, one for New York City and one for each of the 57 counties outside of New York City. *See* N.Y. Soc. Serv. Law §§ 61, 365(1). In its MSP, New York designates the state Department of Health ("DOH") as the single state agency responsible for supervising the administration of Medicaid in New York. *See* N.Y. Office of Mgmt. & Budget, State Plan Under Title XIX of the Social Security Act: Medicaid Assistance Program 2 (1991); *see also* N.Y. Soc. Serv. Law §§ 363-a, 365(1). DOH is authorized to establish Medicaid eligibility standards, promulgate regulations, maintain a system of hearings for Medicaid applicants adversely affected by

5

actions of local agencies, and issue final decisions concerning such matters. *See id.* §§ 363-a, 364(2).

### B. Fair Hearings

A state participating in Medicaid must grant "an opportunity for a fair hearing before the State agency to any individual whose claim for medical assistance under the plan is denied or is not acted upon with reasonable promptness." 42 U.S.C. § 1396a(a)(3). A federal regulation, titled "Hearing decisions," further provides that the state agency "must take final administrative action . . . [o]rdinarily, within 90 days from . . . the date the agency receives a request for a fair hearing." 42 C.F.R. § 431.244(f)(1)(ii).[1] In some situations, such as when the standard 90-day period "could jeopardize the individual's life, health or ability to attain, maintain, or regain maximum function," 42 C.F.R. § 431.224(a)(1), the agency must take final administrative action within shorter time frames, such as three or seven working days, depending on the nature of the claim, §§ 431.224(a)(2), 431.244(f)(3).

---

[1] This 90-day limit for final administrative action *after a request for a fair hearing* is distinct from the 45-day time limit for *a determination of eligibility* for applicants other than those who apply for Medicaid on the basis of disability. *See* 42 C.F.R. § 435.912(c)(3)(ii).

In New York, a Medicaid applicant who is denied benefits by a local agency may appeal to DOH for a fair hearing to contest the denial. *See* N.Y. Soc. Serv. Law § 22(1). DOH has, however, delegated its authority to conduct fair hearings to the Office of Temporary and Disability Assistance ("OTDA"). N.Y. Comp. Codes R. & Regs. tit. 18, § 358-2.30(b). But, in accordance with state and federal regulations, DOH remains responsible "for making final administrative determinations and issuing final decisions," N.Y. Soc. Serv. Law § 364(2)(h), and for ensuring the fair hearing system's compliance with federal law, *see* 42 C.F.R. § 431.205.

Within OTDA, an administrative law judge ("ALJ") acts as the hearing officer. This individual is directed to develop a complete evidentiary record, review and evaluate evidence, make findings of fact and conclusions of law, prepare an official report containing the substance of what happened at the hearing, and render a recommended decision to the DOH Commissioner or to the Commissioner's designee. *See* N.Y. Comp. Codes R. & Regs. tit. 18, § 358-5.6(b). That designee, an official within OTDA, then issues a final fair hearing "appeals decision." 42 C.F.R. § 431.10(a)(2); *see also* N.Y. Comp. Codes R. & Regs. tit. 18, § 358-6.1.

## II. The Instant Case

In March 2011, plaintiff Leslie Lisnitzer applied to a local agency, the Suffolk County Department of Social Services, for Medicaid coverage to pay the cost of his monthly Medicare Part B premium. *Lisnitzer v. Zucker*, 306 F. Supp. 3d 522, 527 (E.D.N.Y. 2018). Although Lisnitzer's income exceeded the qualifying limit for Medicaid, he requested that the local agency approve Medicaid payment of his Medicare premium pursuant to a state policy directive, 87 ADM-40, designed to permit Medicare coverage for those frequent users of medical services whose medical expenses, in relation to their income, make Medicaid coverage warranted on a cost/benefit analysis. *Id.* The local agency denied Lisnitzer's application without considering this policy directive. *Id.*

In June 2011, Lisnitzer requested a fair hearing to contest the local agency's denial. *Id.* At the hearing, which began in August 2011, Lisnitzer argued that the local agency should have found him eligible for Medicaid assistance under 87 ADM-40. *Id.* He requested that the ALJ direct the local agency to pay his Medicare Part B premium and not remand his case to the local agency for further review. *Id.* With Lisnitzer's consent, the ALJ granted the local agency an adjournment to review Lisnitzer's eligibility for Medicaid under the policy

8

directive. *Id.* About two weeks later, the hearing continued, with the local agency arguing that the policy directive did not apply and Lisnitzer arguing that it did. *Id.*

In September 2011, still within 90 days of Lisnitzer's request for a fair hearing, OTDA "'reversed' the County Agency's denial of benefits and 'remanded' the matter to the County Agency, directing the agency 'to make the [eligibility] determination . . . following the [state policy directive]' and 'to comply immediately with the directive[].'" *Id.* (first alteration in original) (quoting JPTO Exh. 14, at 8). The notice to Lisnitzer added:

> If the decision shows that you won your hearing and your local social services Agency is directed to take certain action, the Agency should do this forthwith (as quickly as possible). If you do not feel that the Agency has taken the action which the decision tells it to take within 10 days after you receive this decision, you may fill out the attached form [to submit a complaint to the Compliance Unit].

*Id.* at 527–28 (alteration in original) (quoting Defendants' Trial Exh. A, at 001311).

Two weeks after OTDA issued its fair hearing decision, Lisnitzer brought this action against DOH and OTDA ("New York") in federal court. He challenged New York's practice of resolving appeals of adverse local agency decisions by reversing and remanding those matters to local agencies. And he argued specifically that New York must determine eligibility for Medicaid

9

benefits by a fair hearing decision within the time prescribed by federal regulations. *Id.* at 524. Lisnitzer's complaint sought class certification, a declaratory judgment, and injunctive relief. Class Action Complaint at 1, *Lisnitzer v. Zucker*, 306 F. Supp. 3d 522 (E.D.N.Y. 2018) (No. 11-4641).

In March 2012, the local agency adhered to its prior denial, again without considering the state policy directive. Lisnitzer's attorney sent a letter to defendants' counsel pointing out that the agency had still failed to re-evaluate Lisnitzer's eligibility under the directive, as required by OTDA's fair hearing decision. Defendants' counsel then informed Lisnitzer's counsel that OTDA had filed a complaint with the Compliance Unit on Lisnitzer's behalf. Three days later, the local agency reversed itself and determined that Lisnitzer was, in fact, eligible for Medicaid. *Lisnitzer*, 306 F. Supp. 3d at 528.

This decision came 342 days after Lisnitzer requested a fair hearing. *See id.* at 527 (fair hearing requested June 10, 2011); *id.* at 528 (eligibility determination made May 17, 2012). In it, the local agency approved future payments of Lisnitzer's Medicare Part B premiums and $1,476 in reimbursement for past premiums. *Id.* at 528.

In March 2017, the district court (Wexler, *J.*) held a two-hour bench trial in Lisnitzer's federal suit. In January 2018, the court issued a decision setting forth its findings of fact and conclusions of law. *Lisnitzer v. Zucker*, 306 F. Supp. 3d 522 (E.D.N.Y. 2018).[2] First, the district court decided that the case was not moot, despite New York's subsequent determination that Lisnitzer was eligible for Medicaid. It held that Lisnitzer's claim was of the sort that is capable of repetition yet evading review, and that, in any event, class certification related back to the filing of Lisnitzer's complaint. *Id.* at 528–29. Second, the district court found that Lisnitzer demonstrated that the prerequisites for a class action were met. *Id.* at 529–30. And, third, the court determined that New York's remand practice violated a Medicaid applicant's right to an eligibility determination within the federal time limits. *Id.* at 530–31.

The district court made the following specific findings about New York's Medicaid fair hearings practice:

---

[2] After issuing findings of fact and conclusions of law in January 2018, Judge Leonard D. Wexler died in March 2018. The case was reassigned to then–District Judge Joseph F. Bianco, who entered final judgment in February 2019.

(1) At a fair hearing, the OTDA hearing officer's review is limited to the reasons stated in the local agency notice for denying an application for Medicaid. *Id.* at 526.

(2) In some cases, a fair hearing decision may reverse the local agency's reason for the contested action and remand the matter to the local agency for further consideration. *Id.*

(3) Such a hearing decision does not determine the applicant's Medicaid eligibility. Instead, upon remand, the local agency must continue to process the application and issue a new decision as soon as possible. *Id.*

(4) If the local agency adheres to its denial, the Medicaid applicant must request a new fair hearing. *Id.*

Ruling on the legality of that practice, the district court first observed (a) that "[n]either the Medicaid Act nor governing regulations define the phrase 'final administrative action,'" as used in the hearing decisions regulation that requires the state to take such action ordinarily within 90 days of a hearing request, and (b) that the Act and the regulations do not "prohibit a hearing officer from remanding a matter." *Lisnitzer*, 306 F. Supp. 3d at 531 (quoting 42 C.F.R. § 431.244(f)(1)(ii)).

The court then held that the 90-day requirement for "final administrative action" "means that the state was required to provide a final determination of

12

[Lisnitzer's] eligibility for benefits within that time period, not simply any disposition, including a 'remand' of the appeal." *Id.* So, although a remand is allowed, "any remand should specify the time in which the agency must act and report back so that the ALJ can render a final determination within that 90-day period." *Id.* (quoting *Konstantinov v. Daines*, 956 N.Y.S.2d 38, 39–40 (N.Y. App. Div. 2012)).

In February 2019, the district court (Bianco, *J.*) entered judgment in light of the court's earlier findings and conclusions. Judgment, *Lisnitzer v. Zucker*, 306 F. Supp. 3d 522 (E.D.N.Y. 2018) (No. 11-4641). The court permanently enjoined New York from issuing fair hearing decisions that remand matters to local districts "without rendering final determinations of eligibility based upon the development of complete fair hearing records within 90 days of the hearing requests exclusive of adjournments requested by [applicants]." *Id.* at 2.

New York timely filed a notice of appeal. New York also sought a stay of the judgment pending appeal, which the district court granted in April 2019. On appeal, New York challenges the district court's class certification, as well as the court's conclusion that the state's Medicaid fair hearings practice violates federal

13

law when it does not result in final eligibility determinations within 90 days of hearing requests.

**DISCUSSION**

## I. Standards of Review

We review *de novo* the district court's conclusions of law. *Zalaski v. City of Hartford*, 723 F.3d 382, 388 (2d Cir. 2013). We review for abuse of discretion a district court's decision regarding class certification under Federal Rule of Civil Procedure 23. *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 250 (2d Cir. 2011).

## II. Medicaid Fair Hearing Decisions

### A. "[F]inal administrative action"

The main issue in this case is whether a Medicaid state agency's obligation to take "final administrative action" within a specified time limit, 42 C.F.R. § 431.244(f), requires the agency ordinarily to determine conclusively an applicant's Medicaid eligibility within that time limit. We hold that it does.

The federal Medicaid regulations do not define the phrase "final administrative action." *See* 42 C.F.R. § 431.201 (definitions). As we said earlier, to determine its meaning, we look to our prior cases; to the structure and

14

purpose of the regulations, helped by a reading offered by the United States; and to the *State Medicaid Manual*, to which we owe some deference.

We first consider the meaning we gave to "final administrative action" in *Shakhnes v. Berlin*, 689 F.3d 244 (2d Cir. 2012). In *Shakhnes*, we held that "final administration action," as used in § 431.244(f), "does not include the *implementation of relief* ordered in fair hearings." 689 F.3d at 257 (emphasis added). "[I]mplementation of relief," as used in *Shakhnes*, must be read to mean the ultimate relief to which an applicant is entitled, that is, Medicaid benefits.

That is so because our holding in *Shakhnes* relied in part on the existence of a separate regulation titled "Corrective action." *Id.* at 258 (citing 42 C.F.R. § 431.246). The corrective action regulation requires a state agency "promptly [to] make corrective payments, . . . and, if appropriate, provide for admission or readmission of an individual to a [medical] facility," 42 C.F.R. § 431.246, if a "hearing decision is favorable to the applicant or beneficiary," § 431.246(a), or if "[t]he agency decides in the applicant's or beneficiary's favor before the hearing," § 431.246(b).

As we observed in *Shakhnes*, because the corrective action regulation covers the implementation of certain types of relief, "final administrative action"

15

in the hearing decisions regulation does not include such relief. *See* 689 F.3d at 258. However, in order for either type of relief covered by the corrective action regulation—"corrective payments" or "provi[sion] for admission or readmission . . . to a [medical] facility," § 431.246—to result from a favorable hearing decision, or from a favorable decision by the agency before a hearing, it must be that the agency has *decided* that the applicant is, in fact, entitled to benefits. Thus, we read *Shakhnes* to imply, if not compel, that "final administrative action" must include a determination of entitlement to benefits. And, therefore, we conclude that such determination must be made within the mandated time.

Moreover, as the United States argues in this appeal, the structure and purpose of the regulations cohere with the meaning we believe *Shakhnes* gave to "final administrative action." *See* Br. for the United States as Amicus Curiae 11–12. "Ordinarily," the regulations state, the Medicaid state agency must take final administrative action "within 90 days from . . . the date the agency receives a request for a fair hearing." § 431.244(f)(1)(ii). But in some situations, the regulations allow the agency either more or less time. *See* § 431.244(f)(3)–(4). For example, the agency must provide for "an expedited fair hearing process" for individuals for whom the time otherwise permitted "could jeopardize the

16

individual's life, health or ability to attain, maintain, or regain maximum function." 42 C.F.R. § 431.224(a)(1). Such expedited fair hearings require final administrative action, § 431.224(a)(2), usually within three or seven working days, § 431.244(f)(3). Conversely, in "unusual circumstances," such as when the Medicaid applicant requests a delay or when there is an emergency outside the agency's control, the agency may exceed the 90-day limit. § 431.244(f)(4)(i). None of these situations applies to Lisnitzer.

In light of the stated purpose of expedited hearings, § 431.224(a)(1), it seems obvious that the accompanying final administrative action must include an eligibility determination. Otherwise, the need for further proceedings would jeopardize the life or health of Medicaid applicants who qualify for such expedited hearings. Since "final administrative action" has the same meaning in the context of ordinary fair hearings as in the context of expedited fair hearings, *see* § 431.244(f), it seems clear that such action must always include a final determination as to Medicaid eligibility, and hence that such determination must come, "[o]rdinarily, within 90 days from . . . the date the agency receives a request for a fair hearing." § 432.244(f)(1)(ii).

Finally, our interpretation of § 431.244(f) is supported by the *State Medicaid Manual*, a source we relied on in *Shakhnes*. *See* 689 F.3d at 259. The *Manual*, which provides HHS's interpretation of federal requirements applicable to Medicaid state agencies, merits *Skidmore* deference. *See Wong v. Doar*, 571 F.3d 247, 258–60 (2d Cir. 2009) (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)); *see also Shakhnes*, 689 F.3d at 259. The *Manual* section on "Hearings" explains that "[t]he requirement for prompt, definitive, and final administrative action means that all requests for a hearing are to receive prompt attention and will be carried through all steps necessary to completion." *Manual* § 2902.10 (citing 42 C.F.R. § 431.244(f)). The *Manual* further explains that "[a] *conclusive* decision in the name of the State agency shall be made by the hearing authority." *Id.* § 2903.2(A) (emphasis added). And that "[r]emanding the case to the local unit for further consideration is not a substitute for 'definitive and final administrative action.'" *Id.* We believe that this last sentence, in particular, indicates that final administrative action requires more than just a favorable decision on a particular issue raised in a fair hearing. It entails instead a conclusive decision as to eligibility.

We reject New York's contention that an eligibility determination is a form of corrective action, which falls outside the time limits set in 42 C.F.R. § 431.244(f), *see Shakhnes*, 689 F.3d at 259, because corrective action *presumes* Medicaid eligibility, *see* 42 C.F.R. § 431.246, and, therefore, an eligibility determination. And we hold that an eligibility determination is encompassed in a "final administrative action," as used § 431.244(f), which must come, "[o]rdinarily, within 90 days" from a request for a fair hearing, § 431.244(f)(1)(ii).

### B. "The agency"

Having decided *what* is required by "final administrative action," we now turn to the question of *where* such action must be taken, that is, at what stage or place in the state agency's process. Here, the regulations and the *Manual* are less clear.

Lisnitzer argues that final administrative action must be taken as part of the fair hearing decision itself. That approach would have several advantages. But we are not convinced that it is required by federal law. All that is required by federal law is that final administrative action be taken by "[t]he [state] agency" within the applicable time limit. § 431.244(f). Whether such action is taken by a particular component or delegate of the agency is left up to the state.

19

Federal law does require a single state agency to administer or supervise the administration of Medicaid in the state. 42 U.S.C. § 1396a(a)(5); 42 C.F.R. § 431.10. In New York, that agency is the Department of Health. *See* N.Y. Soc. Serv. Law §§ 363-a, 365(1)(a). The Medicaid statute and implementing regulations in turn require certain actions be taken by "the agency." In particular, a Medicaid applicant whose claim is denied by a local district is entitled to an opportunity for "a fair hearing before the State agency." 42 U.S.C. § 1396a(a)(3). And the hearing decisions regulation requires that "[t]he agency . . . take final administrative action" within specified time limits. 42 C.F.R. § 431.244(f).

But the regulations allow the administering agency to delegate parts of its authority. And New York has established the following delegated structure:

(1) Local social services districts make initial Medicaid eligibility decisions.

(2) Appeals from decisions of local districts can be taken to OTDA, to which DOH has delegated its authority to conduct Medicaid fair hearings and issue hearing decisions. *See* N.Y. Comp. Codes R. & Regs. tit. 18, § 358-2.30(b).

(3) Within OTDA, an ALJ conducts a fair hearing and recommends a decision to a separate official acting as the designee of the DOH

20

Commissioner.  *See id.* § 358-5.6(b)(9).  The designee then issues a final fair hearing decision.  *Id.* § 358-6.1.

(4) DOH remains the single state agency responsible for "making policy, rules and regulations" governing fair hearings and for "making final administrative determinations and issuing final decisions concerning such matters."  N.Y. Soc. Serv. Law § 364(2)(h); *see also* N.Y. Comp. Codes R. & Regs. tit. 18, § 358-6.1(a).

Under current New York procedure, the hearing authority, after deciding the matters raised by the applicant, may issue a fair hearing decision that remands the case to the local district to resolve the ultimate question of Medicaid eligibility.  The local district must then decide eligibility consistent with whatever the hearing authority decided.  And, given our holding today, it must do so within the applicable time limit for final administrative action.

This way of doing things may not be the simplest.  And we tend to agree with the United States that resolving Medicaid eligibility in a single fair hearing at the hearing authority level would serve the interests of efficiency and accountability.  *See* Br. for the United States as Amicus Curiae 19–21.

But, that said, we think New York's approach is permissible under the federal requirements, as long as final administrative action occurs within 90 days.  The hearing decisions regulation requires such action be taken by "[t]he

21

agency," 42 C.F.R. § 431.244(f), not any particular unit within the agency, *see id.* Since the agency can delegate to local districts the responsibility to make initial eligibility determinations, *see* 42 C.F.R. § 431.10(c), (d), we believe it can remand to local districts to make final eligibility determinations, as well, so long as the agency meets the deadlines for final administrative action set by § 431.244(f).

We think this permissive interpretation is consistent with the district court's. In its findings of fact and conclusions of law, the district court explained:

> Neither the Medicaid Act nor governing regulations define the phrase "final administrative action." *Nor do they prohibit a hearing officer from remanding a matter. . . .* Nevertheless, Lisnitzer was entitled to "final administrative action" on his claim within 90 days after the fair hearing request, notwithstanding the remand. . . . The Court agrees with Lisnitzer that the 90-day requirement for "final administrative action[]" . . . means that the state was required to provide a final determination of his eligibility for benefits within that time period, not simply any disposition, including a "remand," of the appeal.

*Lisnitzer v. Zucker*, 306 F. Supp. 3d 522, 531 (E.D.N.Y. 2018) (emphasis added).[3]

---

[3] The district court added: "[A]ny remand should specify the time in which the agency must act and report back so that the ALJ can render a final determination within that 90-day period." *Lisnitzer*, 306 F. Supp. 3d at 531 (quoting *Konstantinov v. Daines*, 956 N.Y.S.2d 38, 39-40 (N.Y. App. Div. 2012)). We agree that "*the agency* must act and . . . render a final determination within that 90-day period." *Id.* (emphasis added). But, depending on how the state chooses to organize its Medicaid program, the local district may not need to "report back" to the ALJ.

In its written judgment, the court enjoined New York "from conducting Medicaid fair hearings in a manner that results in decisions remanding the matters back to the local social services districts without rendering final determinations of eligibility based upon the development of complete fair hearing records within 90 days of the hearing requests." Judgment at 2, *Lisnitzer v. Zucker*, 306 F. Supp. 3d 522 (E.D.N.Y. 2018) (No. 11-4641). We read these statements to mean that an eligibility determination is required within 90 days, but that a remand is not prohibited. Only a remand that does not result in an eligibility determination within the applicable time limit runs afoul of federal law.

Lisnitzer argues that a remand to resolve Medicaid eligibility can lead to a "revolving door" of denials and appeals. Br. of Pl.-Appellee 5. The reason is that the law entitles an applicant to challenge a denial, whether an initial denial or one made on remand, by requesting a fair hearing. *See* 42 C.F.R. § 431.220(a)(1)(i) (providing that states must allow for fair hearings following "initial or subsequent decision[s] regarding eligibility"). So, although a local district's decision in the applicant's *favor* on remand within 90 days would constitute final administrative action and would be timely, a decision *against* the applicant

would be subject to appeal.[4] If the applicant exercised that right, the state might find itself out of compliance with the federal requirement for final administrative action within 90 days.

That may be. But since we have held that a state agency's obligation to take "final administrative action" within a specified time limit requires the agency to determine conclusively Medicaid eligibility within that time limit, there exists a remedy if the agency has established a decision-making structure that has led to non-compliance. The applicant can obtain a court order requiring the agency to give that applicant the Medicaid benefit he seeks. *See* 42 U.S.C. § 1983; *see also id.* § 1988(b) (providing also for attorney's fees).

For all these reasons, we conclude that, although a Medicaid state agency's obligation to take final administrative action requires the agency to resolve Medicaid eligibility within a set time frame, the agency may do so in a hearing decision or on remand, provided that the applicable deadline is met.

---

[4] A second appeal could not challenge new issues for review because "[i]f more than one reason [for a denial of benefits] exists, the local district must state as many reasons for the action(s) as are applicable." 89 ADM-21.

**III. Class Certification**

We now turn to the issue of class certification. New York argues that the district court abused its discretion by certifying a class, both because it failed to conduct a rigorous analysis of Rule 23's requirements, and because Lisnitzer is an atypical and inadequate class representative.

As New York notes, the district court did not go into any detail in its consideration of several of the Rule 23 requirements. We have made clear that the district court may certify a class only after determining that each Rule 23 requirement is met. *See Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 251 (2d Cir. 2011) (citing *In re IPO Secs. Litig.*, 471 F.3d 24, 41–42 (2d Cir. 2006)). The Supreme Court has stated that determining whether the Rule 23(a) factors are satisfied requires "rigorous analysis," *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982), a standard we have explicitly endorsed, *see In re IPO Secs. Litig.*, 471 F.3d at 32–33. And we have held that "[w]here the basis of the . . . court's ruling is obvious in context, we will not reverse a class certification simply because the district court has not explicitly recited each finding." *Id.*

We need not now address whether, on the facts of this case, the basis of the certification was sufficiently obvious so that individual determinations of each

25

Rule 23 requirement were not required. That is so because this case, brought pursuant to Rule 23(b)(2), seeks prohibitory injunctive or corresponding declaratory relief against state officials. In such cases, we have noted that class action designation may be "largely a formality" where the government "has made clear that it understands the judgment to bind it with respect to all claimants." *Galvan v. Levine*, 490 F.2d 1255, 1261 (2d Cir. 1973) (Friendly, *J.*).

As a result, without deciding the correctness of the district court's original class certification, we note that a class action may not now be needed in this case. After all, the "prospective relief [which we have ordered] will benefit all members of a proposed class to such an extent that the certification of a class would not further the implementation of the judgment." *Berger v. Heckler*, 771 F.2d 1556, 1566 (2d Cir. 1985) (internal quotation marks omitted) (citing *Galvan*, 490 F.2d at 1261). In other words, if New York complies with today's holding, class certification will serve no purpose.

We therefore remand to the district court to seek a commitment from state officials to abide by a declaration in a pending case. If state officials agree, there is no need to rule on the class certification. If state officials refuse, the district court may avoid our having to decide whether the Rule 23 requirements were

26

"obvious[ly]" met, *Shahriar*, 659 F.3d at 252, by making additional findings regarding the class, thereby facilitating our review.

**CONCLUSION**

We affirm the judgment of the district court to the extent that it holds that the requirement of final administrative action entails a final determination of Medicaid eligibility and must be made within 90 days of a fair hearing request. We hold that such final determinations need not be made at the hearing decision level. We remand to the district court to enter a revised judgment consistent with this opinion. And we remand to the district court to seek a commitment from state officials that the state will abide by the above made ruling in all pending cases. Should no such commitment be given, we direct the district court to make further findings regarding the class's compliance with each Rule 23 requirement, giving particular attention to whether Lisnitzer remains an adequate class representative.